\*\*Original filed 8/31/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NGOC HUYNH, <br><br> Petitioner, <br><br> vs. <br><br> DAVID L. RUNNELS, Warden, <br><br> Respondent. | No. C 05-0899 JF (PR) <br><br> ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME; DENYING MOTION FOR CERTIFICATE OF APPEALABILITY <br><br> (Docket Nos. 17, 18) |

On June 14, 2006, the Court denied this pro se petition for writ of habeas corpus on the merits and entered judgment in favor of Respondent. On July 15, 2006, Petitioner signed and dated his request for an extension of time to file a certificate of appealability, which was filed with the Court on July 24, 2006. Petitioner then filed a motion for a certificate of appealability on July 28, 2006. The Court will GRANT Petitioner's motion for an extension of time (docket no. 17) and DENY the motion for a certificate of appealability (docket no. 18).

\\\

\\\

\\\

**DISCUSSION**

A. <u>Motion for Extension of Time</u>

Petitioner filed a request for an extension of time to file a motion for a certificate of appealability. In his motion, petitioner explains that he did not receive a copy of the Court's order denying the instant petition and judgment until June 26, 2006 because he was recently transferred to a new prison facility. Petitioner also states that he has not had access to the law library due to a prison lockdown and requests an additional thirty days to file his motion for a certificate for appealability. <u>See</u> Pet.'s Mot. at 1-2.

Federal Rule of Appellate Procedure 4(a)(5) allows a motion for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. <u>See</u> Fed. R. App. P. 4(a)(5). The extension must be no later than thirty days after the original deadline, or ten days after the entry of the order granting the motion, whichever is later. <u>See</u> <u>id.</u> The Court concludes that Petitioner has shown good cause for such extension. Accordingly, Petitioner's motion for an extension of time to file a motion for a certificate of appealability (docket no. 17) is GRANTED.

B. <u>Motion for Certificate of Appealability</u>

Petitioner filed a motion for a certificate of appealability on July 28, 2006. The Court construes Petitioner's motion as a notice of appeal and a request for a certificate of appealability.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. <u>See</u> <u>id.</u> § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate

1  that reasonable jurists would find the district court's assessment of the constitutional
2  claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).
3       Except for substituting the word "constitutional" for the word "federal," section
4  2253(c)(2) codified the standard announced by the United States Supreme Court in
5  Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). See Slack, 120 S. Ct. at 1603.  In
6  Barefoot, the Court explained that "a substantial showing of the denial of [a] federal
7  right" means that a petitioner "must demonstrate that the issues are debatable among
8  jurists of reason; that a court could resolve the issues [in a different manner], or that the
9  questions are adequate to deserve encouragement to proceed further." 463 U.S. at 893 n.4
10 (citations and internal quotations omitted; emphasis in original).  Any doubts about
11 whether the Barefoot standard has been met must be resolved in petitioner's favor.
12 Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).
13      The Court denied the instant habeas petition after careful consideration of the
14 merits.  The Court found no violation of Petitioner's federal constitutional rights in the
15 underlying state court proceedings.  Petitioner has failed to demonstrate that jurists of
16 reason would find it debatable whether this Court was correct in its ruling.  Petitioner's
17 motion for a certificate of appealability (docket no. 18) is DENIED.
18      The Clerk shall transmit the file, including a copy of this order, to the Court of
19 Appeals.  Petitioner may then ask the Court of Appeals to issue the certificate.  See Fed.
20 R. App. P. 22(b).
21      IT IS SO ORDERED.
22 DATED: __8/31/06_____   /S/ _____
23                                         JEREMY FOGEL
                                        United States District Judge

1    A copy of this ruling was mailed to the following:

2
     John Ngoc Huynh
3    T-59834/ RB-348
     CTF - Soledad (North)
4    P.O. Box 705
     Soledad, CA  93960
5

6    Aileen Bunney
     California State Attorney General's Office
7    455 Golden Gate Avenue
     Suite 11000
8    San Francisco, CA  94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Petitioner's Motion for Extension of Time
P:\pro-se\sj.jf\hc.05\Huynh899extapp                4